UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MICHAEL TROY OLSON,                                Case No. 15-CV-1656 (MJD/FLN)

         Petitioner,

v.                                                 REPORT AND RECOMMENDATION

DENESE WILSON, Warden,

         Respondent.

---

Petitioner Michael Troy Olson, a prisoner at the Federal Correctional Institution in Sandstone, Minnesota, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his habeas petition, Olson challenges the validity of a federal conviction and sentence incurred in this District. Olson's petition should be denied for two reasons. First, the claims raised by Olson may only be brought in a motion under 28 U.S.C. § 2255, but Olson is not eligible to bring such a motion in this District at this time. Second, Olson's claims are plainly meritless. Accordingly, this Court recommends that Olson's habeas petition be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Olson was convicted after a jury trial on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and he was sentenced to a 275-month term of imprisonment. *See United States v. Olson*, No. 04-CR-0398 (ADM/FLN) (D. Minn. filed

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Olson seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

Oct. 13, 2004). That conviction and sentence were affirmed on appeal. *See United States v. Olson*, 177 Fed. App'x 512, 512-13 (8th Cir. 2006) (per curiam). Since that time, Olson has filed several motions for post-conviction relief in the criminal proceedings, including six documents entitled "First Amendment Petition[s]," *see Olson*, No. 04-CR-0398, ECF Nos. 54, 64, 67, 74, 81, & 88; a putative notice of unclean hands and fraud on the part of the prosecution, *see id.*, ECF No. 61; and a motion for a writ of audita querela, *see id.*, ECF No. 104. These motions usually have usually been interpreted as motions brought under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon Olson. *See, e.g.*, *id.*, ECF No. 108 at 3-4. However the motions have been interpreted, each of the motions for post-conviction relief brought by Olson in his criminal case has been denied, either on the merits, or because they were procedurally barred, or because they constituted second-or-successive motions under § 2255. *See* 28 U.S.C. § 2255(h).

Perhaps seeking to avoid the restriction on second-or-successive § 2255 motions, Olson now petitions for a writ of habeas corpus under § 2241. In his petition, Olson argues that the government lacked jurisdiction to prosecute him for illegally possessing a firearm, both because the statute under which he was convicted is unconstitutional on its face, and because his possession of the firearm took place entirely in the State of Minnesota (and thus, he says, did not affect interstate commerce, as is required under §§ 922 and 924.)

"A federal inmate generally must challenge a conviction or sentence through a § 2255 motion." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted). Therefore, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in

-2-

a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts may not hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *see Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), because, when it applies, it can "save" a habeas petition from being dismissed under the § 2255(e) exclusive-remedy rule.

Olson acknowledges that he is challenging the validity of his federal conviction and sentence. *See* Petition at 1 [ECF No. 1]. Nevertheless, Olson argues that § 2255 is inadequate or ineffective in this case, and he urges that this Court issue a writ of habeas corpus pursuant to the savings clause and order his release from incarceration.

As an initial matter, there is no indication whatsoever that § 2255 was "inadequate or ineffective" as a means for Olson to raise the current claims for relief. Indeed, Olson has *repeatedly* raised these claims in the original criminal proceedings through motions interpreted as being brought under § 2255. *See, e.g.*, *Smith*, No. 04-CR-0398, ECF Nos. 64 & 67. The fact that those motions have been denied, either on the merits or as procedurally barred, does not by itself render § 2255 inadequate or ineffective for purposes of the savings clause. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may

not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."); *see also United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) ("[I]t can't be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241 . . . .") (citing *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

Moreover, although the Supreme Court has not adopted a specific test for when a prisoner may invoke the savings clause, several circuit courts have established such tests, and those tests almost always require that, where a petitioner seeks to invoke the savings clause, the petitioner must show (among other things) that he seeks to apply (1) a new rule of law that (2) has been found to apply retroactively. *See, e.g.*, *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013) (requiring that the petitioner establish that "the new rule . . . applies retroactively on collateral review . . . ."); *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001) ("The standards that these courts have articulated for the savings clause may not be framed in identical terms, but the following basic features are evident in most formulations: actual innocence and retroactivity."); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (noting the "obvious" qualification that "the change of law has to have been made retroactive by the Supreme Court" for the savings clause to apply). Olson cites no new rule of law that might apply to his case, much less a new rule of law made retroactive by the Supreme Court to cases on collateral review. Indeed, Olson could have (and in fact *has*) raised the arguments brought in his habeas petition during the course of his criminal proceedings. Because there is no new rule of law at issue in this case, Olson may not bring his claim pursuant to the savings clause.

Accordingly, if Olson's claims can be considered at all, they can only be considered in a motion brought under § 2255. Where a petitioner improperly brings a claim under § 2241 that should have been brought under § 2255 (as Olson has done), a court may, in certain circumstances, interpret the petition as though it were in fact brought under § 2255. Such a reinterpretation of Olson's habeas petition would be inappropriate here, however, as Olson has already filed several documents interpreted as motions under § 2255. Olson therefore must seek certification from the Eighth Circuit before this Court may consider any new motion brought by him under § 2255. *See* 28 U.S.C. § 2255(h).

Finally, Olson's claims lacks merit in any event. As explained to Olson by Judge James M. Rosenbaum in 2009,

> [Olson] denies the Court has subject matter jurisdiction over his crime, claiming 18 U.S.C. § 3231 "is invalid." The Eighth Circuit Court of Appeals rejects this claim. *See, e.g.*, *United States v. Rosnow*, 977 F.2d 399, 412 (8th Cir. 1992) (recognizing that 18 U.S.C. § 3231 "grants jurisdiction to district courts over all offenses against the laws of the United States"); *see also United States v. Whitefeather*, No. 05-388, 2009 U.S. Dist. LEXIS 79043, at *5 (D. Minn. Sept. 2, 2009) (noting that "no presiding United States District Court Judge" has accepted an argument that 18 U.S.C. § 3231 is unconstitutional).
>
> Defendant's denial of the federal government's legislative jurisdiction "over the land in which the criminal activity was committed" is similarly unavailing. *See, e.g., United States v. Deering*, 179 F.3d 592, 597 (8th Cir. 1999) (argument that district court lacked subject matter jurisdiction over defendant because his crime did not occur on federally-owned land is "without merit").

*Olson*, No. 04-CR-0398, ECF No. 77 (some citations omitted). Nothing in the law explained above by Judge Rosenbaum has changed over the ensuing six years, and Olson's arguments

remain just as unavailing now as they were in 2009. Thus, even if Olson could currently bring a motion under § 2255, his claims would nevertheless not entitle him to relief.

For those reasons, this Court recommends that Olson's habeas petition be denied and that this action be summarily dismissed.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Michael Troy Olson's petition for a writ of habeas corpus [ECF No. 1] be DENIED.

2. This action be DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated: April 17, 2015

*s/Franklin L. Noel*
Franklin L. Noel
United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by May 4, 2015 in writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.